UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK HAMM, <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:21-cv-00645-JDP (SS) <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S CROSS-MOTION FOR SUMMARY JUDGMENT <br><br> ECF Nos. 13 & 14 |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 13 & 14. The court grants plaintiff's motion for summary judgment, denies the Commissioner's motion, and remands this matter for further administrative proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards were applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

Plaintiff filed an application for SSI, alleging disability beginning March 1, 2004. Administrative Record ("AR") 142-47. After his application was denied initially and upon reconsideration, plaintiff appeared and testified at a hearing before an ALJ. AR 29-49, 88-92, 100-04. On July 20, 2020, the ALJ issued a decision finding that plaintiff was not disabled. AR 14-24. Specifically, the ALJ found that:

1. The claimant has not engaged in substantial gainful activity since June 28, 2018, the application date.

2. The claimant has the following severe impairments: neurocognitive disorder, bipolar, anxiety, panic, PTSD, alcohol and drug abuse in current remission.

* * *

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

* * *

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: should avoid unprotected heights, workplace hazards, and strong vibration, can understand and remember simple instructions, can perform simple tasks, should not work with the public, could have occasional interaction with coworkers and supervisors.

* * *

5. The claimant has no past relevant work.

6. The claimant was born [in] 1982 and was 36 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has a limited education.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

* * *

10. The claimant has not been under a disability, as defined in the SSA, from June 28, 2018, through the date of this decision.

AR 16-24 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. He now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

Plaintiff advances three primary arguments.  First, he argues that the ALJ erred by rejecting his symptom testimony.  ECF No. 13 at 7-10.  Second, he argues that the ALJ improperly failed to consider third-party statements.  *Id.* at 11.  Third, he argues that the ALJ erred in evaluating the medical evidence to determine the residual functional capacity ("RFC").  *Id.* at 12.  The court finds that the ALJ improperly discounted his testimony.  Because this error requires remand for further administrative proceedings, I decline to address plaintiff's remaining arguments.

At step two of the sequential evaluation, the ALJ found that plaintiff's severe impairments included "neurocognitive disorder, bipolar, anxiety, panic, PTSD, alcohol and drug abuse in current remission."  AR 18.  After finding at step three that plaintiff did not meet or equal any of the listed disabling impairments, the ALJ found that plaintiff had the RFC to perform simple tasks in settings with limited interactions.  AR 18.  In making that determination, he found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms"; however, he then discounted plaintiff's testimony "concerning the intensity, persistence and limiting effects of [his] symptoms" as "not entirely consistent with the medical evidence and other evidence."  AR 19.

In support of this conclusion, the ALJ extensively discussed both plaintiff's substance use and his mental impairments, noting that "it is somewhat difficult to distinguish the claimant's mental symptoms from the effects of substance use."  AR 19.  Presumably to avoid the need to ascertain which condition was primarily responsible plaintiff's symptoms, the ALJ stated that he would give plaintiff "some benefit of the doubt that substance use is . . . not a material factor contributing to a disability."  *Id*.  These statements precede a longer accounting of plaintiff's medical records, in which the ALJ noted several episodes of apparently acute psychological symptoms, and in which the ALJ repeatedly referenced plaintiff's substance use.  *See, e.g.*, AR 19 ("He had a psychiatric hospitalization in November 2018 for paranoia.  He reported having used methamphetamines a few days before going to the hospital, but drug testing indicated he had actually used cocaine, not methamphetamines."); AR 20 ("[T]he claimant went to an emergency

room for suicidal thoughts, and was noted to be violent and aggressive.  Daily drug use was noted and he tested positive for amphetamines and cannabis."); AR 20 ("He reported suicidal thoughts in February 2019, and had another psychiatric hospitalization.  It was noted that he . . . had recently stopped using methamphetamines.") (internal citations omitted).  The ALJ relied on these statements to support his conclusion that "the reports of symptoms occurring mostly in the context of medication noncompliance and substance use . . . strongly suggests that the claimant is capable of performing simple tasks." AR 21.  The ALJ thus discounted plaintiff's testimony about the limiting effects of his mental impairments in part because of his ongoing struggle with substance use.[1]

It is reversable "error for an ALJ to determine that a claimant's mental impairments are 'the product and consequence of his alcohol abuse' prior to making a determination that the claimant is disabled under the five-step inquiry." *Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001) (quoting 20 C.F.R. § 416.935).  "If, and only if, the ALJ found that [plaintiff] was disabled under the five-step inquiry, should the ALJ have evaluated whether [he] would still be disabled if he stopped using alcohol." *Id.* at 955.  Here, despite suggesting that plaintiff's substance use was not a material factor contributing to disability, the ALJ specifically relied on it to discount plaintiff's allegations about the severity of his mental health symptoms.  Because the ALJ did not first assess disability based on all impairments, he erred in finding that plaintiff's substance use—and not his mental impairments—was responsible for his reported symptoms.  *See id.* (remanding for failure to find disability before conducting a "drug abuse analysis"); *see Brock v. Berryhill*, 707 F. App'x. 459 (9th Cir. 2017) ("[T]he ALJ erred by failing first to consider whether [the claimant] was disabled by the combination of his impairments of bipolar disorder and alcohol addiction before finding that his bipolar disorder standing alone was not disabling."); *Monan v. Astrue*, 377 F. App'x. 629 (9th Cir. 2010) (similar).

This error is not harmless "because we cannot say that [it was] inconsequential to the

---

[1] The ALJ found at step two that plaintiff's alcohol and drug abuse is currently in remission.  AR 16.  This finding, the basis of which the ALJ does not explain, may be somewhat odd given the ALJ's reliance on plaintiff's substance use to discount allegations about plaintiff's mental impairments.

ALJ's finding" that plaintiff's mental impairments alone were not disabling. *Brock*, 707 F. App'x at 461. Accordingly, remand is required to allow for a proper evaluation of plaintiff's impairments. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 13, is granted.
2. The Commissioner's cross-motion for summary judgment, ECF No. 14, is denied.
3. The matter is remanded for further proceedings.
4. The Clerk of Court is directed to enter judgment in plaintiff's favor.

IT IS SO ORDERED.

Dated: September 30, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE