PHILLIP. A. TALBERT
United States Attorney
MATHEW W. PILE SBN WA 32245
Associate General Counsel
Office of Program Litigation, Office 7
Social Security Administration
MARY TSAI, CA SBN 216963
    Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: 510-970-4864
    Facsimile: (415) 744-0134
    E-Mail: mary.tsai@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JACK HAMM, | CIVIL NO. 2:21-cv-00645-JDP |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER APPROVING SETTLEMENT OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [28 U.S.C. §2412(d)] |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

    THE PARTIES STIPULATE through the undersigned, subject to the approval of the Court, that Plaintiff be awarded attorney fees in the amount of Six Thousand Five Hundred dollars ($6,500.00) under the Equal Access to Justice Act, 28 U.S.C. §2412(d) and that there will be no award of costs. This will represent compensation for all legal services rendered by counsel for Plaintiff in this civil action and in accordance with 28 U.S.C. §§ 1920, 2412(d).

    Upon the Court's order for EAJA fees, Defendant will consider the assignment of those EAJA fees to counsel. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are

subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.  Fees shall be made payable to Plaintiff, but if the Treasury Department determines Plaintiff owes no federal debt, then the government shall pay the fees directly to Jesse S. Kaplan based on an assignment executed by Plaintiff and will deliver the payment to said counsel.

This Stipulation constitutes a compromise settlement of Plaintiff's request for EAJA fees and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of this agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or his counsel, including counsel's firm, may have regarding EAJA fees relating to this action.  This award is without prejudice to Plaintiff's counsel's right to fees under 42 U.S.C. §406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted this December 2, 2022.

DATED:  December 2, 2022 /s/  *Jesse S. Kaplan**
(*as authorized via e-mail on December 2, 2022)
JESSE S. KAPLAN
Attorney for Plaintiff

DATED: December 2, 2022 PHILLIP. A. TALBERT
United States Attorney
MATHEW W. PILE
Associate General Counsel
Office of Program Litigation, Office 7
Social Security Administration

By: /s/  *Mary Tsai*
MARY TSAI
Special Assistant U.S. Attorney

Attorneys for Defendant

EAJA Stip.; 2:21-cv-00645-JDP

**[PROPOSED] ORDER**

Based upon the parties' Stipulation for the Award and Payment of Equal Access to Justice Act Fees (the "Stipulation"),

IT IS ORDERED that fees in the amount of Six Thousand Five Hundred dollars ($6,500.00) as authorized by the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), be awarded subject to the terms of the Stipulation.

Plaintiff's previously filed motion for EAJA fees (Dkt. 23) is denied as moot.

IT IS SO ORDERED.

Dated:   December 2, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE