UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK HAMM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>　　　　　Defendant. | Case No. 2:21-cv-00645-JDP<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S COUNSEL ATTORNEY FEES UNDER 42 U.S.C. § 406(b)<br><br>ECF No. 26 |

　　　　Plaintiff's counsel seeks an award of attorney fees under 42 U.S.C. § 406(b).[1] ECF No. 26. Plaintiff entered into a contingent fee agreement that provided that he would pay counsel twenty-five percent of any award of past-due benefits. ECF No. 26-2. After this court remanded the action for further proceedings, plaintiff was found disabled and awarded $47,601.72 in past-due benefits. *See* ECF No. 21; ECF No. 26-1. Counsel now seeks attorney fees in the amount of $11,900.00, which is equal to twenty-five percent of total past-due benefits that plaintiff was awarded, with a credit to plaintiff for the fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $6,500.00. ECF No. 26; *see also* ECF No. 25.

---

[1] Although the motion for fees was filed under plaintiff's name, plaintiff's counsel is the real party in interest. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

An attorney is entitled to reasonable fees for successfully representing social security claimants in district court.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).  Rather than being paid by the government, fees under section 406(b) are paid by the claimant from the awarded past-due benefits. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 802).  The twenty-five percent statutory maximum fee is not an automatic entitlement; the court must ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  In assessing whether a fee is reasonable, the court should consider "the character of the representation and the results the representative achieved." *Id.* at 808.  A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

The court finds that the requested fees are reasonable.  Counsel's billing records reflect a total of 30 hours of attorney time on this case.  ECF No. 26 at 5-6; *see also* ECF No. 23 at 3-5.  Counsel's request for $11,900.00, which is the equivalent of the statutory maximum, would constitute an hourly rate of approximately $396.67 for attorney services.  Counsel did not engage in dilatory conduct or perform in a substandard manner.  Indeed, counsel's representation resulted in this matter being remanded for further proceedings, which resulted in a favorable decision and an award of benefits. *See* ECF Nos. 13, 21.  Given counsel's experience, the result obtained in this case, and the risk of loss in representing plaintiff, the court finds the hourly rate reasonable. *See, e.g.*, *De Vivo v. Berryhill*, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018) (awarding fees at effective hourly range of $1,116.26); *Jamieson v. Astrue*, 2011 WL 587096 (E.D. Cal. Feb. 9, 2011) (finding fees at effective hourly rate of $1,169.49 reasonable); 2016 WL 4248557 (S.D. Cal. Aug. 11, 2016) (awarding fees at effective hourly rate of $1,063); *Palos v. Colvin*, 2016 WL

5110243 (C.D. Cal. Sept. 20, 2016) ) (finding fees at effective hourly rate of $1,546.39 reasonable).

Accordingly, it is hereby ORDERED that:

1. The motion for attorney fees, ECF No. 26, is granted.
2. Plaintiff's counsel is awarded $11,900.00 in fees pursuant to 42 U.S.C. § 406(b).
3. Plaintiff's counsel is directed to reimburse plaintiff the sum of $6,500.00 for previously paid EAJA fees pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated:   April 4, 2024                                         _____
                                                                         JEREMY D. PETERSON
                                                                         UNITED STATES MAGISTRATE JUDGE